IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BROWNSVILLE MD VENTURES, LLC, | § | CASE NO. 13-10341 |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**BROWNSVILLE MD VENTURES, LLC'S EMERGENCY MOTION
TO OBTAIN POST-PETITION INSURANCE PREMIUM FINANCING**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

THERE WILL BE A HEARING ON THIS MOTION ON JANUARY 14, 2013 at 2:00 P.M., at 1133 NORTH SHORELINE BOULEVARD, CORPUS CHRISTI, TEXAS 78401.

TO THE HONORABLE RICHARD S. SCHMIDT,
UNITED STATES BANKRUPTCY JUDGE:

Brownsville MD Ventures, LLC (the "Debtor") files this *Emergency Motion to Obtain Post-Petition Insurance Premium Financing* ("*Emergency Insurance Motion*"). In support of its *Emergency Insurance Financing Motion*, the Debtor states the following:

### I.  Preliminary Statement

1. After its bankruptcy filing, the Debtor learned that its insurer terminated the insurance policy covering the Debtor's real property located at 4750 North Expressway, Brownsville, Texas 78520 (the "Property"), notwithstanding that the Debtor had been making and the insurer had been accepting insurance premium financing payments under the policy.  Since then, the Debtor has diligently searched for a replacement insurance policy.  Now, the Debtor has received a binding quote for a replacement policy, and the Debtor has found an insurer willing to insure the Property, subject to this Court authorizing the Debtor to obtain insurance premium financing for this replacement policy. The Debtor requests the authority to obtain insurance premium financing so that it will be issued a replacement policy for the Property.

### II.  Jurisdiction and Venue

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and the *Order of Reference* entered in the United States District Court for the Southern District of Texas on May 24, 2012.  Venue is proper under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and/or (D).

### III.  Facts

3. Upon learning that its insurer terminated the policy for the Property, the Debtor has been searching for a replacement insurance policy. On December 13, 2013, after shopping the policy,

the Debtor submitted an application for a binding insurance quote. On January 10, 2014, the Debtor received a binding quote for a replacement policy, and on January 13, 2014, the Debtor submitted a final application for insurance based on this binding quote.

4. Based upon this final application, the Debtor has found an insurer willing to issue a replacement policy for the Property. The premium for this replacement policy will cost the Debtor $87,062.71. The issuance of this replacement policy is subject to this Court authorizing the Debtor to obtain post-petition insurance premium financing. In financing this premium, the Debtor will make an initial down payment of $22,853.23, and ten monthly payments of $6,654.25.

### IV.  Requested Relief

5. The Debtor requests this Court authorize it to obtain insurance premium financing for the replacement insurance policy for the Property. Under the financing terms, the Debtor will make an initial down payment of $22,853.23, and ten monthly payments of $6,654.25. Additionally, the Debtor will grant the insurance premium financing company a first priority security interest in (i) all unearned premiums which may be payable under the replacement policy; (ii) loss payments which reduce the unearned premiums, and (iii) any interest arising under a state guarantee funding relating to (i) and (ii).

4. Section 364 of the Bankruptcy Code permits a debtor-in-possession to obtain post-petition credit. It states:

> (a) If the trustee is authorized to operate the business of the debtor under section 721, 1108, 1203, 1204, or 1304 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503 (b)(1) of this title as an administrative expense.
>
> (b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503 (b)(1) of this title as an administrative expense.

(c) If the trustee is unable to obtain unsecured credit allowable under section 503 (b)(1)of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—
    (1)  with priority over any or all administrative expenses of the kind specified in section 503 (b) or 507 (b) of this title;
    (2)  secured by a lien on property of the estate that is not otherwise subject to a lien; or
    (3)  secured by a junior lien on property of the estate that is subject to a lien.

(d)(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—
    (A) the trustee is unable to obtain such credit otherwise; and
    (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.
(2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

11 U.S.C. § 364.

5.    The creditors asserting a lien against Property are adequately protected for two reasons. First, the replacement policy will allow the Debtor to maintain the required insurance on the Property, and thereby contribute to the preservation of the value of the bankruptcy estate for the benefit of the creditors. *See In re First South Sav. Ass'n, 820 F.2d 700, 710* (5th Cir. 1987) (stating adequate protection "is left to the vagaries of each case . . . but its focus is protection of the secured creditor from diminution in the value of its collateral during the reorganization process.") (internal citations omitted).  Second, without insurance on the Property, the Debtor and its bankruptcy estate would incur unnecessary risks associated with the Property. *See In re PS America, Inc.*, 2009 Bankr. LEXIS 5028 at *6 (Bankr. S.D. Tex. December 10, 2009) (finding: "An immediate need exists for the Debtor to obtain the Financing in order to enable the Debtor to minimize disruption and to avoid termination of its business operations.").

WHEREFORE, the Debtor requests this Court: (i) grant its *Emergency Insurance Motion*; (ii) grant the Debtor the authority to obtain insurance premium financing for the replacement insurance policy for the Property, under the terms listed in this *Emergency Insurance Motion*; and (iii) grant such further relief to which it is justly entitled.

Date: January 13, 2014

Respectfully Submitted,

Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7324 (fax)

By: */s/ Kell C. Mercer*
    Kell C. Mercer
    State Bar No. 24007668
    kell.mercer@huschblackwell.com
    Sam Chang
    State Bar No. 24078333
    sam.chang@huschblackwell.com

ATTORNEYS FOR BROWNSVILLE MD VENTURES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2013, I served the foregoing, via regular mail to the parties on the attached Service List.

*/s/ Kell C. Mercer*
Kell C. Mercer

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BROWNSVILLE MD VENTURES, | § | CASE NO. 13-10341 |
| LLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**SERVICE LIST**

Office of the United States Trustee
c/o Barbara Jue
606 N. Carancahua Street, Suite 1107
Corpus Christi, TX 78401

Internal Revenue Service
Attn: Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

Allison Torres
c/o Cary M. Toland, Attorney
855 E. Harrison
Brownsville, TX 78520

Brownsville Independent School District
1900 Price Road
Brownsville, TX 78521

Brownville Doctors Hospital, LLC
c/o Jose Eduardo Melendez
4750 N. Expressway
Brownsville, TX 78526

Cameron County
1100 E. Monroe St.
Dancy Building
Brownsville, TX 78520

Cameron County Appraisal District
2021 Amistad Drive
San Benito, TX 78586

Claudia Salinas
c/o Cary M. Toland, Attorney
855 Harrison
Brownsville, TX 78520

Cristain L. Puga
c/o Cary M. Toland, Attorney
855 E. Harrison
Brownsville, TX 78520

Diana Gallo
c/o Cary M. Toland, Attorney
855 E. Harrison
Brownsville, TX 78520

Ester Reid
c/o Cary M. Toland, Attorney
855 E. Harrison
Brownsville, TX 78520

Jean Denise Taylor
c/o Cary M. Toland, Attorney
855 E. Harrison
Brownsville, TX 78520

| | |
|---|---|
| Joe Daniel Losoya<br>c/o Cary M. Toland, Attorney<br>855 E. Harrison<br>Brownsville, TX 78520 | Joel Reese, Esq.<br>Reese Gordon Marketos LLP<br>750 N. Saint Paul St., Suite 610<br>Dallas, TX 75201 |
| Juan Jose Rodriguez<br>c/o Cary M. Toland, Attorney<br>855 E. Harrison<br>Brownsville, TX 78520 | Marcie M. Vasquez<br>c/o Cary M. Toland, Attorney<br>855 E. Harrison<br>Brownsville, TX 78520 |
| Nora Lee Argullin<br>c/o Cary M. Toland, Attorney<br>855 Harrison<br>Brownsville, TX 78520 | Pete Martinez<br>c/o Cary M. Toland, Attorney<br>855 E. Harrison<br>Brownsville, TX 78520 |
| Pineda Grantor Trust<br>c/o Capital Crossing Servicing Co., LLC<br>99 High Street - 7th Floor<br>Boston, MA 02110 | Priscilla Garza<br>c/o Cary M. Toland, Attorney<br>855 E. Harrison<br>Brownsville, TX 78520 |
| Diane Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428<br>*Counsel for Cameron County and the Brownsville Independent School District* | Ron Simank<br>Schauer & Simank, P.C.<br>615 North Upper Broadway, Suite 2000<br>Corpus Christi, TX 78401<br>*Counsel for the Pineda Grantor Trust* |
| Brownsville Public Utilities Board<br>c/o John Bruciak, General Manager and CEO<br>P.O. Box 3270<br>Brownsville, TX 78523-3270 | Gilbert L. Hamberg, Esquire<br>1038 Darby Drive<br>Yardley, PA 19067<br>*Counsel for the Brownsville Public Utilities Board* |
| Viki M. Skaggs<br>Atlas, Hall & Rodriguez, LLP<br>P.O. Box 3725<br>McAllen, TX 78502<br>*Counsel for Wells Fargo Equipment Finance, Inc.* | Mark Twenhafel<br>Walker & Twenhafel, L.L.P.<br>P.O. Drawer 3766<br>McAllen, TX 78502<br>*Counsel for Key Equipment Finance, Inc.* |
| Shelby A. Jordan<br>Jordan, Hyden, Womble, Culbreth & Holzer, P.C.<br>500 North Shoreline Dr., Suite 900<br>Corpus Christi, TX 78401<br>*Party Requesting Notice* | |

AUS-5593706-1